**ERIN J. RADEKIN**
**Attorney at Law - SBN 214964**
428 J Street, Suite 350
Sacramento, California 95814
Telephone: (916) 446-3331
Facsimile: (916) 447-2988

Attorney for Defendant
LATOYA LAWSON

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Number 2:07-CR-00474-KJM |
| Plaintiff, | |
| v. | **SECOND AMENDED STIPULATION AND ORDER TO MODIFY THE CONDITIONS OF SUPERVISED RELEASE** |
| LATOYA LAWSON, | |
| Defendant. | |

## STIPULATION

On February 27, 2012, Ms. Lawson appeared before the Honorable Kimberly J. Mueller to admit or deny the pending allegations that she has violated conditions of supervised release. She was remanded into custody upon the request of her probation officer, Dayna Ward. The pending violations involve failing to show up for drug testing, submitting dilute tests, and failing to notify Ms. Ward of a change of employment, *inter alia*. It seems clear that Ms. Lawson's current violations are rooted in her recent relapse and return to drug use.

Pursuant to Rule 32.1(c)(2)(B) of the Federal Rules of Criminal Procedure, the parties, with the approval of Ms. Ward, request that Ms. Lawson be released from custody with the condition that she be subject to home confinement and electronic monitoring until such time as she finds and obtains funding for a course of residential drug treatment, subject to the approval of Ms. Ward. Pursuant to the original conditions of supervised release Ms. Lawson will continue to be closely

1 monitored by Ms. Ward, be required to stay at a residence approved by Ms. Ward, be subject to drug
2 testing, and be required to participate in drug treatment as directed by Ms. Ward. All other original
3 conditions of her supervised release are to remain the same.

4      Ms. Lawson has indicated to Ms. Ward and to undersigned counsel that she wants to
5 participate in a course of residential drug treatment and is willing to do the footwork to find a facility
6 that provides such treatment as well as funding for such treatment. Ms. Ward has contacted
7 undersigned counsel and has indicated that she has no objection to Ms. Lawson being released from
8 custody with the condition that she be subject to home confinement and electronic monitoring so that
9 she can, through her own efforts, locate a program of residential treatment and obtain funding for
10 such program. The parties and Ms. Ward feel that this action is appropriate as, hopefully, completion
11 of a course of treatment under such circumstances will have more meaning to Ms. Lawson. Ms.
12 Ward requests that Ms. Lawson be released at 10 a.m. on March 30, 2012 in Nevada City where she
13 is currently in custody, to her friend, Erik Tinkersly, to be transported to Mr. Tinkersly's residence in
14 Sacramento, where Ms. Lawson is to be residing. Ms. Ward will keep in contact with Mr. Tinkersly
15 and will meet Ms. Lawson at Mr. Tinkersly's residence after their arrival to install the electronic
16 monitoring device. The Court is advised that attorney for the United States in this action, Assistant
17 United States Attorney Jason Hitt, has been apprised of this request, has indicated that he agrees with
18 Ms. Ward's assessment and thus has no objection to the modification of the conditions of Ms.
19 Lawson's supervised release as set forth herein.

20      Accordingly, the parties respectfully request that the Court adopt the proposed stipulation.

21 IT IS SO STIPULATED

22 Dated: March 29, 2012                             BENJAMIN WAGNER
                                                United States Attorney

23
                                    By:    /s/ Jason Hitt
24                                  JASON HITT
                                 Assistant United States Attorney
25

26 Dated: March 29, 2012                                /s/ Erin J. Radekin
                                 ERIN J. RADEKIN
27                                  Attorney for Defendant
                                 LATOYA LAWSON
28

**ORDER**

Good cause appearing and for the reasons stated in the stipulation of the parties, Ms. Lawson is ordered released on March 30, 2012 at 10:00 a.m. to Erik Tinkersly, to be transported by Mr. Tinkersly to his residence in Sacramento, where they will meet with Ms. Ward and Ms. Ward will fit Ms. Lawson with an electronic monitoring unit.  Ms. Lawson is to remain subject to home supervision and electronic monitoring until she obtains placement in a residential treatment program as approved by Ms. Ward, and to comply with all other original conditions of her supervised release.

Dated: March 29, 2012.

_____
UNITED STATES DISTRICT JUDGE